UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.

BRANDON JAMES

Case Nos. 3:20-CR-26-CCB-MGG
3:25-CV-737-CCB

## OPINION AND ORDER

Mr. James has made a petition to vacate his sentence under 18 U.S.C. § 2255, arguing that his counsel was ineffective for failing to object to his classification as a career offender under the United States Sentencing Guidelines.

### ANALYSIS

Relief under § 2255 is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States,* 13 F. 4th 623, 627 (7th Cir. 2021) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)). One such situation is the violation of a defendant's Sixth Amendment right to adequate assistance of counsel. In order to succeed on a § 2255 inadequate assistance claim, a defendant must show two things: First, that "counsel's representation fell below an objective standard of reasonableness," and second, that "that the deficiencies in the counsel's performance were prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 669–70 (1984). If the defendant fails to show either of these criteria, the claim fails. *Id.* at 697; *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). Here, the Court will

solely address counsel's performance, because Mr. James' claim fails on that analysis alone.

The benchmark for deciding the adequacy of counsel's performance is whether the "conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Courts apply a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance," *id.* at 689, and find inadequacy only where performance "amounted to incompetence under prevailing professional norms," *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011)). Thus, courts must consider that counsel's conduct may have been "sound trial strategy" rather than negligence. *Id.* at 351 (quoting *Strickland*, 466 U.S. at 689). Courts must also ensure their analysis is free of "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Finally, while "'defense attorneys . . . are generally not obliged to anticipate changes in the law,' attorneys can still be deficient if the argument was 'sufficiently foreshadowed'" in other caselaw. *Elion v. United States,* 155 F.4th 889, 901 (citing *Bridges v. United* States, 991 F.3d 793, 804 (7th Cir. 2021)).

Mr. James argues that his counsel was ineffective for failing to object to his career offender status under "the Perez case." (ECF 266 at 14). Mr. James argues that in light of that case, his prior Indiana state conviction for dealing in cocaine would not have been sufficient to render him a career offender under U.S.S.G. §4B1.1, which in turn would have altered his guideline range.

2

By "the Perez case," the Court presumes that Mr. James is referring to *United States v. Perez*, 46 F.4th 691 (8th Cir. 2022), an Eighth Circuit case holding that an Iowa state conviction for dealing in cocaine could not constitute a "serious drug offense" under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

In *Perez*, the court applied the categorical approach called for by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990) to determine whether an Iowa state conviction for dealing in cocaine could be considered a "serious drug offense" for purposes of the ACCA. *Perez*, 46 F.4th at 698. In the context of drug-related predicate crimes, the categorical approach requires courts to compare the drug definitions in the sentencing enhancement statute with the drug definitions in the predicate state offense. *United States v. Turner*, 47 F.4th 509, 514–15 (7th Cir. 2022). If the state offense definitions are broader than the definitions in the federal statute, then the state offense is not a valid predicate.

The ACCA definition of "serious drug offense" explicitly utilizes the definitions found in the Federal Controlled Substances Act, 21 U.S.C. § 812(c) ("CSA"). In Iowa, the state's criminal definition of cocaine is broader than the CSA's definition. Thus, the court in *Perez* held that the Iowa drug offense did not qualify as a "serious drug offense" predicate under the ACCA. *Perez*, 46 F.4th at 699.

But Mr. James' offender status was not calculated as a "serious drug offense" under the Armed Career Criminal Act and its implementing Guideline rule § 4B1.4, but rather as a "controlled substance offense" under the "career offender" designation in Guideline § 4B1.1(a). This is important, because while § 4B1.4 implements the Armed

3

Career Criminal Act (and its CSA definition of "controlled substance"), the Seventh Circuit has repeatedly held that § 4B1.1 is a standalone Guidelines provision that does not incorporate the CSA definitions of "controlled substance" and can accommodate broader state-specific definitions. *United States v. Jones*, 56 F.4th 455, 503 (7th Cir. 2022) (citing *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020)).

The notes to the Guidelines clarify that while "The terms 'violent felony' and 'serious drug offense' are defined in [the ACCA]," those terms "are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (career offender)." U.S.S.G. § 4B1.4, comment. (n. 1). Even in *Perez*, the Eighth Circuit adopted this interpretation, holding that the term "controlled substance" in non-ACCA portions of the Guidelines "is not limited to definitions in the CSA" because there was "no such limitation in the text of the definition" within the Guidelines. *Perez*, 46 F.4th at 702.

While a few circuits have taken a different stance in unpublished opinions, *See Ruth*, 966 F.3d at 653, our own Circuit and the majority of other circuits have taken an approach in line with the Sentencing Guidelines' own interpretive commentary. *Id.*

It is not ineffective assistance of counsel to decline to present an argument that is squarely foreclosed by Seventh Circuit precedent, with no foreshadowing of change. *See Jones*, 56 F.4th at 503. Mr. James' claim fails on the inadequate-assistance prong alone. *See Strickland*, 466 U.S. at 697.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Mr. James' petition to vacate his sentence under § 2255. (ECF 266).

SO ORDERED on May 11, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT